# GROVER WELLS v. STATE.

No. A-8299.   Nov. 18, 1932.
(21 Pac. [2d] 511.)

Joe S. Eaton, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was by information charged with the crime of murder, tried, convicted of manslaughter in the first degree, and sentenced to serve a term of 15 years in the penitentiary and appeals.

The testimony on behalf of the state in substance is that a dance was being given at the home of Bud Tuggle, in the Seminole oil field, in Seminole county, near the little town of Webber, or Snomac; the defendant and many others attended the dance; while the dance was going on a plank in the floor gave way and Alf Robertson got hold of the piece of broken plank and was making an effort to place the plank back in place when the owner of the house came up and told him not to tear up his floor, that he did not have the money to repair it, and Robertson replied he had; an argument took place, and defendant was nearby and claims that Robertson used some vulgar language

and he called to him and told him there were ladies present and not to use the language; Robertson struck at him and they engaged in a fight; the wife of the defendant and the wife of Robertson got hold of Robertson, and about that time the deceased, E. M. (Shorty) Mensay, came up to where Robertson and the defendant were fighting and said something to the boys; Mensay and defendant then engaged in a fight, and the state's witnesses say that Mensay hit the defendant with his fist. When the fight was over, the defendant had inflicted fatal knife wounds on the body of the deceased, the result of which caused the death of the deceased.

The testimony on behalf of the defendant is substantially the same as that of the state up to the time the fight started between Robertson and the defendant; when the defendant and deceased began to fight, defendant contends that the deceased struck him once or twice with his fists and was given a pair of knucks by one of the parties in the room, and that the deceased struck him with the knucks; defendant urges he cut the deceased to save himself from receiving great bodily harm at the hands of the deceased.

One or two witnesses testifying for the defendant claim they saw something that looked like knucks. There is a direct conflict in the testimony as to whether or not the deceased struck the defendant with knucks. It is admitted that the defendant cut the deceased with his knife, and that the deceased died from the effects of the knife wounds.

Several errors have been assigned by the defendant, but the only ones argued by him are that the verdict is not supported by sufficient evidence and is contrary to law; that the said verdict is contrary to both the law and

the evidence; and that the punishment inflicted by the jury is unreasonable and excessive.

The question of the sufficiency of the evidence is a question for the jury. In this case there is a direct conflict in the evidence as to whether or not the defendant was struck by the deceased with knucks before the defendant began cutting the deceased. The record is clear as to the fact that the defendant was willing and engaged in a fight with Alf Robertson, and when the deceased came up and said something, turned to the deceased and made a statement indicating his willingness to engage in a fight with him. The deceased then struck the defendant, and when the fight was over between the deceased and defendant, defendant had inflicted fatal wounds upon the deceased. There is no evidence in the record that in any way whatever tends to support the question of the defendant's plea of self-defense. The question of the sufficiency of the evidence is a question for the jury, and the jury decided that adversely to the defendant.

After a careful study of the record we feel that the facts in this case are such that this court would not be justified in modifying the sentence imposed. The defendant was accorded a fair and impartial trial. The court properly instructed the jury as to the law applicable to the facts. Finding no errors in the record, the case is affirmed.

EDWARDS and CHAPPELL, JJ., concur.